~~SEALED~~

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

DAVID ROBERTS

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:15-mj-0013

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between on or about 2007 and on or about October 10, 2015, in Vigo County, in the Southern District of Indiana, defendant did,

knowingly produce and possess visual depictions of minors engaging in sexually explicit conduct,

in violation of Title 18, United States Code, Sections 2251(a) and 2252(a)(4)(B). I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached AFFIDAVIT

**Continued on the attached sheet and made a part hereof.**

_Ryan Bradley Barrett_
Ryan Barrett, Special Agent - FBI

**Sworn to before me, and subscribed in my presence**

October 30, 2015
**Date**

at   Indianapolis, Indiana

Denise K. LaRue, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_Denise K. LaRue_
**Signature of Judicial Officer**

## AFFIDAVIT

I, Ryan Barrett, a Special Agent with the FBI hereby depose and state as follows:

1. **Affiant**: I am a Special Agent with the Federal Bureau of Investigation, and have been since January 2010. I am currently assigned to the Indianapolis Violent Crimes Against Children Task Force. While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have attended the Crimes Against Children Conferences in Dallas, Texas and Atlanta, Georgia and taken classes related to the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies.

2. **Information provided**: The statements in this affidavit are based in part on information provided by the persons listed below. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that **DAVID ROBERTS** ("ROBERTS") has violated Title 18, United States Code, Section 2251(a).

3. **Requested action**: I make this affidavit in support of an application for an arrest warrant for **DAVID ROBERTS** for violating the above listed statute.

4. **Sexual Exploitation of a Child**: The investigation concerns alleged violations of 18 U.S.C. § 2251(a) which prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, knowing or

1

having reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

5. **Present investigation**: On October 1, 2014, an anonymous source contacted law enforcement, and stated that there was a 15 year old female (hereinafter "Victim 1"), who had discovered a hidden camera behind her vanity mirror in her bedroom. According to Victim 1, she had also discovered a pair of her underwear along with a recording device in ROBERTS' bedside table. According to Victim 1, Victim 1's mother (hereinafter, Individual A), confronted ROBERTS, and he admitted to Individual A that he had the underwear because he had trouble getting an erection and smelling the underwear helped with his ability to get an erection.

6. On October 3, 2014, law enforcement officers interviewed Victim 1, date of birth X/XX/1999, at her high school. According to Victim 1, approximately one year prior to her interview she was in her bedroom when she noticed what appeared to be a camera lens behind the mirror on her vanity. Victim 1 stated that when she found the device, she asked her father about the camera. According to Victim 1, ROBERTS told Victim 1 that he needed to fix the vanity, and he removed what she believed to be a camera. According to Victim 1, she knew that ROBERTS had placed the camera behind the mirror, but did not tell her mother for approximately one year because she was afraid of ROBERTS. According to Victim 1, in or about August 2014, ROBERTS traveled to the Philippines for approximately two weeks, and

while he was away, Victim 1 told her mother and sister what ROBERTS had done.

7. On October 3, 2014, Individual A (Victim 1's mother), came to the Terre Haute Police Department and gave a statement to law enforcement officers. According to Individual A, Victims 1 and 2 are her daughters, and at the time were approximately 15 and 24 years' old, respectively. According to Individual A, on or about August 24, 2014, Victims 1 and 2 had called Individual A while Individual A was at work. According to Individual A, Victims 1 and 2 told her that ROBERTS had hidden video cameras in their bedrooms and bathroom. According to Individual A, Victims 1 and 2 further stated that they had found a camera in ROBERT's bedside table along with a pair of Victim 1's underwear. According to Individual A, Individual A is certain that the underwear belonged to Victim 1 because Individual A has not worn underwear since she had a hysterectomy.

8. According to Individual A, she did not speak to ROBERTS about what Victims 1 and 2 had told her until August 30, 2014, the date she picked ROBERTS up from the Indianapolis International Airport. According to Individual A, during the ride home from the airport, Individual A confronted ROBERTS about the camera and the underwear. Individual A told officers that ROBERTS admitted to her that he had placed a hidden camera in at least three different locations to view both of the girls. According to Individual A, ROBERTS claimed that he placed the cameras in Victim 1 and 2's bedrooms and bathroom because he wanted to monitor their behavior and try to prevent them from doing bad things. According to Individual A, she asked ROBERTS about Victim 1's underwear that they had discovered in his bedside drawer. According to Individual A, ROBERTS responded that knew everything he was doing was wrong but he was having trouble "being a man."

9. Individual A told officers that she had the cameras and Victim 1's underwear in

the trunk of her car. Individual A signed consent to search forms for her vehicle and for the home she shared with ROBERTS. Officers seized a Logitech Alert 700N camera, a Sony HandyCam video camera (Model HDR-XR500V), a Nikon Coolpix camera (Model S3000), and a Nikon Coolpix camera (Model S3100) from the trunk of Individual A's vehicle. Officers also seized underwear from the trunk of Individual A's vehicle. The underwear was pink and grey with sparkle hearts.

10. On October 3, 2014, officers brought ROBERTS to the Terre Haute Police Department for an interview, and read ROBERTS his rights. ROBERTS did not wish to speak to law enforcement, and officers took him back to his residence.

11. While law enforcement officers were at ROBERTS' residence, they encountered Individual B, ROBERTS' mother (Victim 1 and 2's grandmother), who stated she would be willing to travel to the police department for an interview. According to Individual B, ROBERTS told Individual B that he had hidden a camera in Victim 1's bedroom to monitor her behavior. Individual B further told officers that she believed ROBERTS' explanation was "absurd" because everyone knew that Victim 1 was "the perfect one," meaning, she had never been in trouble. According to Individual B, ROBERTS also stated that he had a pair of underwear in his room that he smelled to help him get an erection, and claimed to not know to whom the underwear belonged. According to Individual B, ROBERTS told her that he had placed a camera in Victim 2's room while she was still living at home (Individual B explained that Victim 2 had moved out of the residence she shared with ROBERTS when she was approximately 19).

12. On or about October 10, 2014, and pursuant to the consent to search form signed by Individual A, law enforcement officers searched the home that ROBERTS shared with

Individual A and Victims 1 and 2, located at 1645 S. 5th Street, Terre Haute, Indiana ("ROBERTS' residence"). During the search, officers seized, but did not search the following items:

a. A HP desktop Model HPE-170F, SN: CNX9500BNM;
b. A Western Digital "My Passport" back-up USB hard drive SN: WX51A63T4133;
c. An 8 GB PNY brand Micro SD card with adapter;
d. A Nikon Coolpix camera Model S3100, SN: 30365610 with SD memory card;
e. A Nikon Coolpix camera Model S3000, SN: 33051641 with SD memory card;
f. A Sony HandyCam hard drive video camera, Model HDR-XR500V, SN: 160025;
g. A ziplock bag containing 8 GB Transcend brand SD card;
h. A Dell Desktop computer Model Dimension 4600, SN: 740MZ21;
i. A opened Seagate hard drive box containing a 1 TB Seagate hard drive SN: 9VP37LPZ;
j. A portable Western Digital hard drive Model WD5000C032, SN: WCANU1531263; and
k. An Emachines notebook computer and charger, SN: LXN970D001948F9311601.

13. On or about October 10, 2014, law enforcement officers obtained a search warrant from the Vigo Circuit Court, in Terre Haute, Indiana, for the above devices.

14. Subsequently, and on October 10, 2014, law enforcement officers executed the search warrant, and discovered approximately 23,527 videos depicting adult and minor females on the seized devices. Included in the 23,527 videos were videos that depicted minor females who were nude, in various stages of undress, and that depicted the minor female's breasts and genital areas.

15. I have reviewed many of the videos, and they appear to be taken surreptitiously from cameras in the bathroom and Victim 1's bedroom inside of ROBERTS' residence. It further appears that the individual recording the videos watched many of them live, as the camera is seen zooming in and out while the individuals are showering or taking a bath in the bathtub. For example, several videos show the viewer manipulating the camera to capture a better view of the persons recorded. Some of the videos are labeled with adult and minor females' initials.

5

16. Additionally, a forensic preview of HP Pavilion HPE-170-F, serial number CNX9500BNM, seized on or about October 10, 2014 (the "HP Pavilion"), revealed 286 videos, which were labeled with initials, had been deleted. According to Individual A, she told ROBERTS approximately four hours prior to the execution of the search warrant that police officers "know everything."

17. A forensic preview of the Seagate Internal Hard Drive SN: 9VP37LPZ (the "Seagate") recovered from the ROBERTS' residence revealed a video labeled, "Washing2.mpg." According to the data associated with "Washing2.mpg," the video was created in approximately 2007. "Washing2.mgp" was a compilation of at least three videos depicting Victim 2, who was 17 years' old at the time, in the bathroom preparing to take a shower or showering. In the video compilation, Victim 2 removes her clothing exposing her breasts and genitals. The video compilations appear to have been edited so that the focus of the recording is the time periods during which Victim 2 was nude in the bathroom, and not when she was dressed.

18. I have reviewed the video labeled Washin2.mpg, and based on my training and experience, it is child pornography because, among other reasons, the focal point of the visual depiction is on the child's genitalia or pubic area, Victim 1 was partially clothed, or nude, and the visual depiction is intended or designed to elicit a sexual response in the viewer.

19. A forensic review of the Seagate further revealed at least four (4) still images taken from one of the videos seized on the October 3, 2014, and produced on or about September 13, 2012. The images depict Victim 7, who was a minor child, date of birth X/XX/1998. They are described as follows:

a.   Mad9-11Production 1.jpg: This image appears to be a screen capture from a video. It depicts a female who appears to be under the age of 16, standing in front of a mirror in the bathroom of the Roberts' residence. The female is removing her shirt, clearly exposing her breasts.

6

b.   Mad9-11Production 2.jpg: This image appears to be a screen capture from a video. It depicts a female who appears to be under the age of 16, standing in front of a mirror in the bathroom of the Roberts' residence. The female is facing away from the mirror, completely naked, opening the door to the shower. Her breasts and genital area are clearly visible.

c.   Mad9-11Production 3.jpg: This image appears to be a screen capture from a video. It depicts a female who appears to be under the age of 16, getting into the shower at the Roberts' residence. Her breasts are visible through the glass shower door.

d.   Mad9-11Productoin5.jpg: This image appears to be a screen capture from a video. It depicts a female who appears to be under the age of 16, standing in the middle of the bathroom at the Roberts' residence. She appears to be preparing to put on her clothing after getting out of the shower. Her breasts and genital area are clearly exposed.

20.   On October 15, 2014, law enforcement officers and a member of the Department of Child Services went to Victim 1's high school and interviewed Victim 1. Officers showed Victim 1 several of the videos recovered from the devices seized from ROBERTS' residence, and Victim 1 identified herself, as well as well as the following minor victims in the videos:

A. Victim 3  DOB X/15/1999 (Friend of Victim 1)

B. Victim 4  DOB X/13/1999 (Friend of Victim 1)

C. Victim 5  DOB X/15/1999 (Friend of Victim 1)

D. Victim 6  DOB X/1/1998 (Friend of Victim 1)

E. Victim 7  DOB X/10/1998 (Friend of Victim 1)

21.   According to Victim 1, the other identified victims in the videos were friends of Victim 1 who would come to Victim 1's house on numerous occasions for sleep overs, and other events.

22.   **Interstate and Foreign Commerce**: From my training and experience, I know that the internet is a facility of interstate and foreign commerce. I also know that Sony HandyCams, Western Digital Hard Drives, Seagate Hard Drives and PNY Micro SD cards are not manufactured in Indiana.

23. **Conclusion**: Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that DAVID ROBERTS has committed the offenses described above and I request the Court to issue a Complaint and Arrest Warrant for such offenses.

Further Affiant Sayeth Naught.

*Ryan Bradly Barrett*
Ryan Barrett
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on October 30, 2015.

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge